**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5038-17T2

FATMATA KAMARA,

     Plaintiff-Appellant,

v.

STATE OF NEW JERSEY,
DEPARTMENT OF LAW AND
PUBLIC SAFETY, DIVISION
OF STATE POLICE,

     Defendant-Respondent.

_____

Submitted September 16, 2019 – Decided September 30, 2019

Before Judges Rothstadt and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-0100-18.

Fatmata Kamara, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Marvin L. Freeman, Deputy Attorney General, on the brief).

PER CURIAM

Plaintiff Fatmata Kamara appeals the trial court's May 25, 2018 order granting defendant State of New Jersey's motion to set aside entry of default and granting defendant's motion to dismiss plaintiff's complaint as time-barred. Having reviewed the record in light of the governing legal principles, we affirm.

We discern the following facts from the record. Plaintiff formerly worked as a clerk typist for the New Jersey State Police (NJSP). She was terminated on August 13, 2014 after a hearing regarding her behavior at work.[1] Plaintiff participated in an arbitration with the State, and the arbitrator ruled in favor of the State, issuing a report on October 11, 2017.[2]

On January 9, 2018, plaintiff filed a complaint against the State, alleging that the State subjected her to "retaliation, harassment, transfer and then sent [her] for fitness for duty, that resulted [in] remo[val] without a just cause," after she reported an overtime record that she believed was inappropriate. Plaintiff served defendant at the NJSP headquarters on February 2, 2018. On April 4,

---

[1] The facts leading to plaintiff's termination have not been verified. At the May 25, 2018 motion hearing, defendant's counsel stated, "The State takes no position on the merits of [plaintiff's] termination."

[2] Plaintiff states that she participated in arbitration to "seek[] restoration with the State." Defendant has not verified the purpose of the proceeding, and there is nothing else in the record that discusses it.

2018, she requested entry of default after receiving no answer from defendant. Default was entered on the same day.

On May 25, 2018, the trial judge entered an order vacating default because plaintiff failed to effect service on the Attorney General's office as required by Rule 4:4-4(a)(7). Regarding the motion to dismiss, the judge determined that plaintiff's complaint asserted claims arising under the Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1 to -8, and the Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1 to -42, based on the allegations of harassment and retaliation. Applying the applicable statutes of limitations, the judge concluded that plaintiff's claims were not timely filed, and dismissed plaintiff's complaint. This appeal ensued.

On appeal, plaintiff contends that the trial judge's dismissal of her complaint should be reversed because her union contract provided her with access to arbitration procedures to seek reinstatement, and until the arbitration was concluded, her claims for retaliation and harassment did not accrue.

This court reviews a grant of a motion to dismiss a complaint for failure to state a claim de novo and applies the same standard under Rule 4:6-2(e) that governed the trial court. Frederick v. Smith, 416 N.J. Super. 594, 597 (App. Div. 2010). The court must "search[] the complaint in depth and with liberality

3

to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim . . . ." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (quoting Di Cristofaro v. Laurel Grove Mem'l Park, 43 N.J. Super. 244, 252 (App. Div. 1957)). This review "is limited to examining the legal sufficiency of the facts alleged on the face of the complaint." Ibid.

A claim alleging a CEPA violation must be brought within one year of the alleged violation. N.J.S.A. 34:19-5. A claim alleging a LAD violation must be brought within two years of the cause of action accruing. Rodriguez v. Raymours Furniture Co., 225 N.J. 343, 356 (2016) (citing Montells v. Haynes, 133 N.J. 282 (1993)). The time of accrual depends on the type of conduct that the plaintiff alleges violated the LAD. Alexander v. Seton Hall Univ., 204 N.J. 219, 228 (2010). "A discrete retaliatory or discriminatory act occurs on the day that it happens." Ibid. (quoting Roa v. Roa, 200 N.J. 555, 567 (2010)). Such acts include "[d]iscriminatory termination and other similar abrupt, singular adverse employment actions" resulting from discrimination in violation of the LAD. Ibid. (citing Roa, 200 N.J. at 569).

Plaintiff contends that her claims are timely because her union contract permitted her to seek a remedy for her alleged wrongful termination through

A-5038-17T2

arbitration. Plaintiff argues that because she participated in arbitration with the State on October 11, 2017, her claims accrued on that date. There is no legal support for plaintiff's contention that her obligation to file a timely complaint against the State had to await the outcome of the arbitration. Although based on similar facts, her complaint in this case is independent of the arbitration proceeding. We conclude that the trial judge correctly determined that plaintiff's claims arose under CEPA and LAD, as there are no other supporting causes of action, and properly applied those statutes of limitations to her complaint.

Plaintiff's retaliation and harassment claims arise out of conduct that would have occurred through the end of her employment, which terminated on August 13, 2014. Plaintiff's complaint does not allege any adverse employment action that occurred after her termination. Consequently, under either CEPA or LAD, plaintiff's claims accrued, at the latest, on August 13, 2014. Accordingly, the trial court correctly concluded that when plaintiff filed her complaint on January 9, 2018, both the one-year statute of limitations that applies to CEPA claims and the two-year statute of limitations that applies to LAD claims had expired.

A-5038-17T2

To the extent we have not specifically addressed any remaining arguments raised by plaintiff, we conclude they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5038-17T2